## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

4BRAVA, LLC,

                                          Civil No.  15-2744 (JRT/DTS)

                    Plaintiff,

v.                                          **MEMORANDUM OPINION**
                                            **AND ORDER ADOPTING**
DANIEL SACHS,                               **REPORT & RECOMMENDATION**
DSC PRODUCTS, INC. and
DSC PRODUCTS HOLDING, LLC,

                    Defendants.

---

Adrianna Shannon, **SHANNON LAW, LLC**, 333 South Seventh Street, Suite 2830, Minneapolis, MN  55402, for plaintiff.

William Skolnick, Andrew Bardwell, and Samuel Johnson, **SKOLNICK & JOYCE, P.A.**, 527 Marquette Avenue South, Suite 2100, Minneapolis, MN 55402, for defendant.

This diversity action arises out of business dispute between Defendants Daniel Sachs, DSC Products, Inc., and DSC Products Holding, LLC and Plaintiff 4Brava, LLC, the members of Three Two Eight LLC, a business venture that is no longer operational. Plaintiffs assert multiple claims against Defendants, including civil theft, fraud, breach of fiduciary duty, and unjust enrichment.  Defendants removed the case to federal court in 2015, and now bring a motion to undo the removal and remand this action back to state court, arguing that the Court lacks jurisdiction.

United States Magistrate Judge David T. Schultz issued a Report and Recommendation ("R&R"), concluding that the Court lacks subject-matter jurisdiction

over some of 4Brava's claims, and therefore recommending that the Court remand those claims to state court; the Magistrate Judge recommended that the Court retain jurisdiction over the other claims. Defendants filed objections to the R&R.  Because the Court will conclude that it lacks subject-matter jurisdiction over some of 4Brava's claims, the Court will overrule the Defendants' objections, adopt the R&R, and remand the claims to state court for which the Court lacks subject-matter jurisdiction.

## BACKGROUND

This case arises out of a dispute between the members of non-operational Three Two Eight, a business venture formed to sell plastic tumblers to retailers such as Walmart.  (*See* Compl. ¶¶ 19-26, June 17, 2015, Docket No. 1-1.)  Three Two Eight's sole two members are 4Brava, a citizen of Minnesota and Florida, and Defendants, all of whom are citizens of California.  (*See* Notice of Removal ¶ 3, June 17, 2015, Docket No. 1.)  As the case is currently captioned, there is complete diversity between the parties. (*See id.*)

4Brava originally brought this action in Minnesota state court, alleging multiple causes of action against the Defendants, including civil theft, fraud, breach of fiduciary duty, unjust enrichment, and for the statutory dissolution of Three Two Eight.  (Compl. ¶¶ 88-141.)  4Brava did not name Three Two Eight as a party in its initial Complaint. (*Id.* ¶¶ 1-4.)  Defendants removed the case to federal court, asserting complete diversity. (Notice of Removal.)  In their Answer, Defendants denied that Sachs or DSC Products

Holding had any managerial or membership control in Three Two Eight.  (Answer ¶¶ 23-24, June 22, 2015, Docket No. 3.)

4Brava sought a preliminary injunction, to which Sachs responded by denying, under penalty of perjury, that an agreement was ever reached on the business venture; denying that he was ever an officer, director, or manager of Three Two Eight; and denying that Three Two Eight had the role in the venture that 4Brava alleged.  (*See* Decl. of Daniel Sachs ¶¶ 5-9, 19-20, 23-25, Aug. 17, 2015, Docket No. 26.)  4Brava sought summary judgment in both this case and a related one.  (Pl.'s Mot. for Summ. J., Aug. 15, 2016, Docket No. 102; *see* Pl.'s Mot. for Summ. J., Aug. 15, 2016, No. 15-2743, Docket No. 112.)  In opposition to both motions, Defendants asserted that Three Two Eight "was never formed."  (Defs.' Opp'n to Mot. for Summ. J. at 3, Oct. 19, 2016, Docket No. 121; Defs.' Opp'n to Mot. for Summ. J. at 4, Oct. 19, 2016, No. 15-2743, Docket No. 143.)  Sachs repeated his sworn statements that an agreement was never reached on the business venture; that he was never an officer, director, or manager of Three Two Eight; and that Three Two Eight did not have the role in the venture that 4Brava alleged.  (*See* Decl. of Daniel Sachs ¶¶ 19-20, Oct. 19, 2016, Docket No. 122.)  The Court, however, disagreed and found Three Two Eight to be an existing entity, albeit a non-operational one.  (Mem. Op. & Order at 34, Mar. 30, 2017, Docket No. 131.)

The parties have litigated this action for almost three years.  The proceedings have involved discovery motions, settlement conferences that were abandoned, and other conferences and letters to the Magistrate Judges.  (*See* R&R at 4-5, Dec. 27, 2017, Docket No. 341.)  Defendants twice filed for bankruptcy and abandoned each one.  (*Id.* at

4.)  And Defendants' counsel has filed motions to withdraw without substitution.  (*Id.* at 4, 25.)  At no time before or during any of the aforementioned proceedings did any party assert that the Court lacks subject-matter jurisdiction over any claim.

Then, in October 2017, Defendants moved to remand this case to state court, asserting for the first time that Three Two Eight was an indispensable party to the lawsuit and therefore (because 4Brava and Defendants together make up its membership) its joinder destroys complete diversity jurisdiction and thus requires remand.  (Defs.' Mot. to Remand, Oct. 5, 2017, Docket No. 296.)  Defendants' assertion is contrary to the position that they have taken throughout the proceedings and conflicts with statements made by Sachs under penalty of perjury.  Instead, the position Sachs now takes is that DSC Products Holding, an entity to which Sachs is the sole member, was formed precisely for the purpose of holding membership interest in Three Two Eight.  (Decl. of Daniel Sachs ¶ 1, Oct. 5, 2017, Docket No. 299.)

The Magistrate Judge concluded that the Court lacks subject-matter jurisdiction over some of 4Brava's claims, and therefore recommended that the Court remand them: the claim for breach of fiduciary duties, in part, civil theft, conversion, accounting, illegal distribution, and unjust enrichment.  (R&R at 29-30.)  The Magistrate Judge recommended that the Court retain jurisdiction over the remainder of 4Brava's claims: breach of fiduciary duties, misrepresentation/fraud, statutory dissolution, promissory estoppel, and breach of contract.  (*Id.*)

In the same R&R, the Magistrate Judge also held Defendants in contempt for failure to produce financial documents, and awarded 4Brava's attorney fees under 28

U.S.C. § 1447 for Defendants' removal and remand of 4Brava's claims to and from federal court.  (R&R at 22-28.)

Defendants timely objected to the R&R; 4Brava did not.  (Defs.' Objs., Jan. 10, 2018, Docket No. 349.)[1]  On jurisdiction, Defendants' object only to the Magistrate Judge's recommendation that the Court retain jurisdiction over 4Brava's statutory-dissolution claim.  (*Id.*)  Defendants also argue that the Magistrate Judge's order finding Defendants in contempt should be overturned for lack of jurisdiction.  Finally, Defendants object to the Magistrate Judge's award of attorney fees to 4Brava for the claims to be remanded to state court.

The Court will overrule Defendants' objections and adopt the R&R.  While Three Two Eight might be an indispensable party to the statutory-dissolution claim, it is a nominal party and therefore its citizenship is not considered for determining diversity jurisdiction.  Furthermore, because the Court is retaining jurisdiction over a portion of 4Brava's claims – a conclusion to which Defendants do not object – the contempt order against Defendants stands.  Finally, awarding 4Brava attorney fees for the claims to be remanded to the state court is warranted given the unusual circumstances of this case.

---

[1] 4Brava filed a document titled "Plaintiff's Response to Defendants' Objections to the December 27, 2017 Report and Recommendation and Order."  (Jan. 24, 2018, Docket No. 389.) Because this document was not filed within the time limits for filing objections to a Report & Recommendation, D. Minn. LR 72.2, the Court will consider only the portions of the 4Brava's Response that directly address the Defendants' Objections.

# DISCUSSION

## I.    STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file a "specific written objection to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

Subject-matter jurisdiction may be raised at any time before entry of final judgment.  *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 n.5 (8th Cir. 1991).  If the Court finds at any time that it lacks subject-matter jurisdiction over claims removed to federal court, those claims must be remanded to state court.  *See* 28 U.S.C. § 1447(c).  Subject-matter jurisdiction is assessed claim-by-claim.  *See Myers v. Richland Cty.*, 429 F.3d 740, 745-49 (8th Cir. 2005); *see also* Fed. R. Civ. P. 21 (permitting severance of claims against a party); *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1039 (8th Cir. 1999).  Section 1332(a) requires complete diversity of citizenship among litigants to satisfy diversity jurisdiction in federal court.  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).  Complete diversity occurs when no defendant and plaintiff have citizenship in the same state.  *Id.* at 346 (citing *Owen Equip. & Erection Co. v. Kroger*,

437 U.S. 365, 373 (1978)). To determine an LLC's citizenship for diversity-jurisdiction purposes, the entity's citizenship is that of each of its members, and therefore an LLC can have multiple citizenships; other entities can be members of an LLC, so the citizenship of "sub-members" is also considered. *Am. Seeds, LLC v. Dalchow*, No. 12-2951, 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). For purposes of determining jurisdiction, the Court assesses the parties' status at the time the lawsuit was filed. *OnePoint Sols.*, 486 F.3d at 346 (citing *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 570 (2004)).

### A.    Citizenship of the Parties and Three Two Eight

With respect to Three Two Eight, no member-control agreement was executed and no bylaws were established. (Compl. ¶ 25; Answer ¶ 25.) But the record shows that Three Two Eight's members were 4Brava and DSC Products Holding, even though Defendants disputed this fact throughout the proceedings. 4Brava is a citizen of both Minnesota and Florida, per the citizenship of its members. (Decl. of Jennea LeDuc ¶¶ 1, 11, July 21, 2015, Docket No. 12.) DSC Products Holding was, at the time this suit was filed, wholly owned by Sachs, a California citizen. (Notice of Removal ¶ 3; Answer ¶¶ 2, 17-18.) Therefore, at the time this lawsuit was filed, Three Two Eight was a citizen of California, Florida, and Minnesota. And thus, if Three Two Eight is joined as a plaintiff or defendant to any claim, Three Two Eight will share citizenship with at least one adverse party, and the Court would be divested of subject-matter jurisdiction for that claim.

## B.    Direct and Derivative Claims and Indispensable Party

The parties dispute whether Three Two Eight is an indispensable party to 4Brava's claims, thereby requiring Three Two Eight's joinder to those claims.  If a claim is found to be derivative, i.e., belonging to Three Two Eight rather than 4Brava, then Three Two Eight is an indispensable party and must be joined to that claim.

In determining whether a claim is derivative or direct, the claim is analyzed by identifying "who suffered the injury alleged and thus who would receive the benefit of any recovery."  *In re Medtronic, Inc. S'holder Litig.*, 900 N.W.2d 401, 408 (Minn. 2017). The determination hinges on whether the entity (not its members) suffered the injury and therefore would recover damages, and, if so, the matter is direct.  *See id.* at 408-09. Additionally, "[a] member has no interest in specific limited liability company property." Minn. Stat. § 322B.30, subd. 1.

The Magistrate Judge found 4Brava's claims for theft, conversion, accounting, illegal   distribution,   and   unjust   enrichment   to   be   direct;   claims   for misrepresentation/fraud, statutory dissolution, promissory estoppel, and breach of contract to be derivative; and the claim for breach of fiduciary duties to involve both direct and derivative matters that should be separated.  (R&R at 10-21.)  Defendants object only to the finding that Three Two Eight is not an indispensable party to the statutory-dissolution claim, arguing that this claim should be remanded to the state court.

Pursuant to the language of the Minnesota statute addressing statutory dissolution of a LLC, 4Brava's claim is direct; Three Two Eight is therefore not an indispensable party to 4Brava's statutory-dissolution claim.   Minn. Stat. § 322B.833, subd. 1(2)

authorizes a court to "dissolve, wind up, and terminate a limited liability company" when "those in control of the limited liability company have acted fraudulently, illegally, or in a manner unfairly prejudicial toward one or more members." This language plainly addresses harm suffered by a member, authorizing statutory dissolution in situations where the harm is suffered by a member, not the LLC.

Defendants argue that, while Section 322B.833 contemplates harm suffered by a member, this does not preclude finding Three Two Eight an indispensable party whose rights and obligations are affected by the claim. But even if Three Two Eight were an indispensable party, its interests with respect to 4Brava's statutory-dissolution claim are not distinct from the interests of its members, and therefore it is only a nominal party whose citizenship not need be considered in determining subject-matter jurisdiction.

"[T]he 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 460 (1980). Only the citizenship of those parties with "a real interest in the litigation" must be considered, and those that are merely nominal or formal parties must be disregarded. *Id.* at 460-61. When business entities are joined as parties solely for the purposes of dissolution, distribution of assets, or other formal acts, courts have traditionally classified these entities as nominal parties for diversity purposes. *See Roskind v. Emigh*, No. 05-0825, 2007 WL 981725 (D. Nev. Apr. 2, 2007). In a statutory-dissolution case, an LLC is merely a nominal party when it has no interests distinct from the interests of its members, and thus the LLC's citizenship need not be considered for

purposes of diversity jurisdiction. *See Polak v. Kobayashi*, No. 05-330, 2005 WL 2008306 (D. Del. Aug. 22, 2005).

Three Two Eight is non-operational and its property and rights are not at risk in 4Brava's statutory-dissolution claim. Three Two Eight's citizenship does not divest the Court of subject-matter jurisdiction over 4Brava's statutory-dissolution claim. The Court will therefore overrule Defendants' objections in this respect.

## II.    CONTEMPT

The Magistrate Judge found Defendants in contempt for failure to pay 4Brava previously ordered amounts and for failure to produce emails and financial records. (R&R at 27-28.) Defendants object, arguing that they cannot be held in contempt for violating prior orders because the Court lacks jurisdiction.

Contempt coerces a party into complying with a court order. *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 79 (1988). If a court lacks jurisdiction, it is not illogical to suggest that a party cannot be held in contempt because the court lacked the authority to enter the order underlying the contempt citation in the first place. *See Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1992). But here, the Court is retaining jurisdiction over some of 4Brava's claims. Thus, because the Court has not been completely divested of subject-matter jurisdiction, the Court retains authority over Defendants. The Court will therefore overrule Defendants' objections in this respect.

## III.    ATTORNEY FEES

4Brava seeks an award of costs, expenses, and attorney fees under 28 U.S.C. § 1447(c).  The Magistrate Judge found that this case presents "unusual circumstances" that warrant such an award.  (R&R at 22-27.)

If a case is remanded to state court, the district court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c).  The awarding of costs and fees is just when "the removing party lacked an objectively reasonable basis for seeking removal" or if "unusual circumstances" are present.  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Id.* at 140.  "[D]istrict courts retain discretion to consider whether unusual circumstances warrant" an award under § 1447(c).  *Id.* at 141.

Here, unusual circumstances are present, and the Court will exercise its discretion and award 4Brava costs, expenses, and attorney fees associated with the derivative claims (and the derivative portions of claims) that will be remanded to state court.[2]  Throughout this case, Defendant Sachs has continuously denied even the existence of the very party that Defendants now assert is an indispensable party to the claims.  While the Court

---

[2] The Court refers to the Magistrate Judge the authority to enter an award against Defendants in this case, at a time and in a manner as the Magistrate Judge deems appropriate.

agrees that Three Two Eight is required to be joined to a portion of the matter, that fact might have been discoverable earlier in the proceedings if the Court's and 4Brava's time had not been spent addressing and litigating Defendants' continued positions that Three Two Eight was never formed and that Defendants had no control or interest in the business venture.   Furthermore, a court may consider "delay in seeking remand" or "failure to disclose facts necessary to determine jurisdiction" in deciding whether to issue an award under § 1447(c).   *Id.* at 141.   Here, the record is replete with instances of the Defendants causing significant delay or extension of the proceedings.   One such example is the Defendants' motion for a request for an extension of time to be able to marshal the funds that the Court ordered Defendants pay 4Brava.   (Mot. for Clarification and Relief from March 30, 2017 Order, Apr. 12, 2017, Docket No. 134.)   During the granted extension of time, Defendant Sachs transferred $250,000 to his father's account and now argues an inability to pay.   (R&R at 8.)

Unusual circumstances warrant an award under § 1447(c), and the Court will overrule Defendants' objections in this respect.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **OVERRULES** Defendants' Objections [Docket No. 349], and the Court **ADOPTS** Report and Recommendation of the Magistrate Judge [Docket No. 341] is.  **IT IS FURTHER ORDERED THAT**:

1.    Defendants' Motion to Remand [Docket No. 296] is **DENIED IN PART** with respect to 4Brava's pleaded claims that are direct and **GRANTED IN PART** with respect to 4Brava's pleaded claims that are derivative; and therefore:

a.    The following claims are **REMANDED** to state court:  civil theft (Count III), conversion (Count IV), an accounting (Count V), illegal distribution (Count VI), unjust enrichment (Count VIII), and to the extent that 4Brava wants to replead in state court the derivative portions of its claims for breach of fiduciary duties in Count I; and

b.    The Court **RETAINS** jurisdiction over the following claims:  breach of fiduciary duties (Count I) consistent with the Court's Opinion, misrepresentation/fraud (Count II), statutory dissolution (Count VII), promissory estoppel (Count IX), breach of contract (Count X).

2.    Defendants shall pay appropriate costs, expenses, and attorney fees associated with the litigation in federal court, consistent with the Court's Opinion; 4Brava shall submit a petition for such fees and costs, along with supporting documents, to the Court within twenty-one (21) days of the date this Order.

3.    4Brava's Motion for Contempt [Docket No. 287] is **GRANTED** as follows:

a.    Defendants are in contempt for failure to pay the amounts previously ordered, but based on the present state of the record the Court finds an inability to pay; 4Brava has the right to renew its motion if additional evidence demonstrates Defendants' ability to pay.

b.      Defendants are in contempt for failure to comply with the Court's previous orders to produce emails and financial records; Defendant Sachs will face incarceration if these documents are not produced by the deadlines set by the Court.

4.      The Court lacks jurisdiction over the civil theft claim for which 4Brava filed a renewed request for summary judgment, as set forth in 4Brava's Supplemental Memorandum in Support of Summary Judgment [Docket No. 311].  The Court **DENIES without prejudice** 4Brava's remaining requests to amend the Summary Judgment Order, consistent with the Court's opinion.


DATED:  May 17, 2018
at Minneapolis, Minnesota.                    _____
                                              JOHN R. TUNHEIM
                                              Chief Judge
                                              United States District Court

-14-